# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

LATONIA R. POINTS                                            PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:19CV-P18-TBR

TIM LANE *et al*.                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff LaTonia R. Points filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

## I.

Plaintiff is a convicted inmate at the Kentucky Correctional Institution for Women (KCIW). She sues the "Western Kentucky Correctional Complex Ctr. Ross Cash[,]" which the Court construes as both the Ross-Cash Center and the Western Kentucky Correctional Complex, (WKCC),[1] and the following individuals whom she describes as WKCC personnel: Linda Green, a Unit Administrator; Tim Lane, the Warden; Chris Hatton, the "Dep. Warden Programs"; and Kevin Mazza, the "Dep. Warden Security." Plaintiff sues Defendants Green, Lane, and Mazza in his/her official capacities only and does not state in what capacity she sues Defendant Hatton.

Plaintiff states that on or around March 13, 2018, she was "discriminated against" by Defendant Green. She states, "I was denied jobs I was applying for due to having a issue with C/O Johnson who was or had a close relationship with UA Linda Green." She asserts that Green "lied to me in my face about me having hep-C for the reason why I couldn't be hired in

---

[1] According to the Kentucky Department of Corrections' website, the Ross-Cash Center is a minimum-security adult female facility located at WKCC. *See* https://corrections.ky.gov/Facilities/AI/wkcc/Pages/default.aspx.

which devastated me since I had never been told by a medical staff member of such health problem." Where the complaint form asks what injuries Plaintiff sustained, she reports that she sustained "mental and cruel punishment. Instead of trying to assist me to resolve the issue it was brushed off and I was put under surveillance and was finally written up for a health hazard." She continues, "I had clear conduct was in a class other inmates that had received same write up had theirs amended down. I lost 60 days good time custody level went up and I was shipped to KCIW. I suffered mentally."

In a section of the complaint form pertaining to exhaustion of administrative remedies, Plaintiff states, "I sent/gave letters to Warden Lane[,] Warden Hatton[, and] Warden Mazza and I also sent e-mails to Internal Affairs at Ross Cash Ctr with no credence to the matter."

In a letter attached to the complaint, Plaintiff states that upon entering the Ross-Cash Center she was given a complete physical and that "all labs came back normal and I was medically cleared." She maintains, "I have never been diagnosed with hep-C and that was why I became devastated, humiliated all at the same time when UA Linda Green told me I had hep-C in which was why I hadn't been considered to work at the warehouse." Plaintiff continues, "I immediately went to medical because how would UA Linda Green know about my health and I didn't know? The statement was untrue me having (hep-C)." She describes her efforts to exhaust administrative remedies. She further states, "After exhausting all avenues, I submitted letters to Warden Lane, Mazza, Hatton at Ross Cash I also e-mail Internal Affairs . . . ." Plaintiff maintains, "It still amazes me after fifty four years after Martin Luther Kings death people are still having to fight for equal rights. No one should be discriminated against based on race, sex, disabilities, sexual orientation, or health." Plaintiff further states, "No one has a right to

discuss/make accusations about anyone's health weather it's true or false for a job or anything else."

As relief, Plaintiff requests that "the initial write 6-10 Health Hazard dismissed"; that Defendants be reprimanded; and that Defendants pay her compensatory damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

### A. *Claim against WKCC and Ross-Cash Center*

WKCC and the Ross-Cash Center are part of the Kentucky Department of Corrections (KDOC). The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 U.S. App. LEXIS 20924, at *3 (6th Cir. Aug. 1, 1997) ("The prison is a state agency. . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because WKCC and the Ross-Cash Center are not "persons" under § 1983, the Court will dismiss the claims against them for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against WKCC and the Ross-Cash Center. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th

Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, Plaintiff's claims against the Ross-Cash Center and WKCC must be dismissed for this reason, as well.

## B. Official-capacity claims

Plaintiff sues Defendants Green, Lane, and Mazza in his/her official capacities only and does not state in what capacity she is suing Defendant Hatton. The Court construes the complaint as suing all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of a KDOC prison and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against all Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Plaintiff's claims for injunctive relief must also be dismissed. Because Plaintiff has been transferred, her claims for injunctive relief are now moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Moreover, her demand that her disciplinary write-up be dismissed cannot be awarded because

5

she has not shown a favorable termination of her disciplinary proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). Additionally, the Court does not have the authority under § 1983 to grant her request that Defendants be reprimanded. *See, e.g.*, *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Accordingly, Plaintiff's official-capacity claims against Defendants for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

## C. *Individual-capacity claims*

Furthermore, allowing Plaintiff to amend the complaint to sue Defendants in their individual capacities would be futile because, even if she had, the claims would still be dismissed, as discussed below.

### *1. Defendant Green*

Plaintiff states that she was discriminated against by Defendant Green. In support, she states, "I was denied jobs I was applying for due to having a issue with C/O Johnson who was or had a close relationship with UA Linda Green." Reading the complaint as a whole, Plaintiff appears to allege that because she had an "issue" with Corrections Officer Johnson, Defendant Green denied her a prison job by falsely claiming that she had Hepatitis C.

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To allege a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279.

While Plaintiff states, "No one should be discriminated against based on race, sex, disabilities, sexual orientation, or health[,]" according to the facts alleged by Plaintiff, Defendant Green denied her a job because she had an issue with Corrections Officer Johnson, not because of her race, because she had Hepatitis C, or because of any other characteristic that would implicate an equal protection violation. Plaintiff fails to allege an invidious, discriminatory intent to deny her a job because of her membership in a protected class. *See id.*

Furthermore, Plaintiff cannot state an equal protection claim under the class-of-one theory. Under this theory, a plaintiff may bring an equal protection claim as a class of one where she alleges that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Rondigo, L.L.C. v. Casco Twp., Mich.*, 330 F. App'x 511, 519 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (internal quotation marks omitted). However, Plaintiff does not point to any similarly situated individual who was treated differently. *See, e.g.*, *Bertovich v. Vill. of Valley View, Ohio*, 431 F. App'x 455, 458 (6th Cir. 2011) (holding that dismissal of an equal protection

claim was appropriate under Fed. R. Civ. P. 12(b)(6) where the plaintiff's complaint "does not point to any individual who was treated differently"). Plaintiff states, "I had clear conduct was in a class other inmates that had received same write up had theirs amended down." However, she does not describe whether or how these inmates were similarly situated or how this pertained to any actions of Defendant Green. Plaintiff's allegations of discrimination are conclusory and lacking in sufficient factual enhancement to state a claim. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Twombly*, 550 U.S. at 555 (holding that complaint must plead enough facts "to raise a right of relief above the speculative level . . .").

The Court construes Plaintiff's allegation that Defendant Green, who was not a medical provider, falsely told her that she had Hepatitis C as a claim for verbal abuse or harassment. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, abusive or harassing language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). The Court notes that Plaintiff states that she able to go to Medical "immediately" and apparently learned that she did not in fact have Hepatitis C.

Accordingly, any individual-capacity claim against Defendant Green would be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Defendants Lane, Hatton, and Mazza*

The only factual allegations Plaintiff makes against Defendants Lane, Hatton, and Mazza concern their denial of and failure to act on her grievances concerning the actions of Defendant Green. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Therefore, any individual-capacity claims against Defendants Lane, Hatton, and Mazza would be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 31, 2019

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4413.010